IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LEROY HARDING #B-31784 )
)
v. )
)
OFFICER RILEY, SUE LAWLER, )   08CV392
COOK COUNTY SHERIFF'S )   JUDGE LEFKOW
DEPARTMENT, and COOK COUNTY )   MAGISTRATE JUDGE SCHENKIER
STATE'S ATTORNEYS OFFICE. )

RECEIVED Jan 17, 2008
JAN 17 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

PLAINTIFF'S COMPLAINT

JURISDICTION IS INVOKED UNDER 42 U.S.C. SECTION 1983, 28 U.S.C. 1331, 1343, and 1367.

1. The defendant, Officer RILEY, of the COOK COUNTY SHERIFF'S DEPARTMENT knowingly arrested plaintiff and later in the year of 2007, he testified in open Court that he had knowledge that plaintiff was previously convicted of three sex crimes, and the defendant knew that those allegations were not true, but testified in order to have plaintiff's sentence enhanced.

2. The defendant, COOK COUNTY SHERIFFS DEPARTMENT, has knowingly and purposely retained a non-existent criminal sexual background of plaintiff which was used against plaintiff at his sentencing hearing which enhanced his sentence.

3. Defendant, SUE LAWLER, knowingly used a non-existent criminal sexual background against the plaintiff in order to have his sentence enhanced, and to increase plaintiff's punishment by the trial Court.

4. The COOK COUNTY STATE"S ATTORNEYS OFFICE, knowingly used a non-existent criminal background against the plaintiff in order to have him convicted and punished more severely.

(1)

## SUPPLEMENTAL JURISDICTIONAL CLAIMS

(a) Plaintiff seeks a Declaratory Judgment that defendants have committed a crime in the State of Illinois known as Official Misconduct, 720 ILCS 5/33-3, by creating a criminal offense against plaintiff that has never existed nor has plaintiff ever been tried in Court for a Crime of sexual Misconduct and found guilty.

## RELIEF REQUESTED

1. The plaintiff sues defendant, OFFICER RILEY, for $300,000.00 in compensatory damages and $300,000.00 in punitive damages in his individual capacity, and Injunctive Relief compelling defendant not to use the non-existent criminal background against plaintiff in the event that he is incarcerated again.

2. The plaintiff sues defendant, COOK COUNTY SHERIFF'S DEPARTMENT, for $300,000.00 in compensatory damages and $300,000.00 in punitive damages in its individual and official capacity, and Injunctive Relief compelling defendant to abrogate the non-existent sex crime from its data base and never use it again for no reason which would inflict suffering on plaintiff.

3. The plaintiff sues defendant, SUE LAWLER, COOK COUNTY STATE'S ATTORNEY, for $300,000.00 in compensatory damages and $300,000.00 in punitive damages in her individual capacity, and Injunctive Relief compelling defendant to never use the non-existent criminal background against plaintiff again.

4. The plaintiff sues defendant, COOK COUNTY STATE'S ATTORNEYS OFFICE in its OFFICIAL capacity for Injunctive Relief mandating it to never use the non-existent criminal sexual background against plaintiff again and abrogate it from its data base.

5. All events against plaintiff occurred on or about the year of 2007.

6. The defendants have violated the plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment rights of the United States Constitution and will continue to violate them.

### JURY DEMAND

Plaintiff Demands trial by Jury on all issues so triable.

RESPECTFULLY SUBMITTED:

*Leroy Harding*

LEROY HARDING #B-31784
LAWRENCE CORRECTIONAL CTR.
R.R.2-Box-36
SUMNER, ILLINOIS 62466

Subscribed and Sworn to Before me this 13th Day of November 2007.

*Sharon L. McCorkle*
Notary Public

"OFFICIAL SEAL"
Sharon L. McCorkle
Notary Public, State of Illinois
My Commission Exp. 07/14/2009

(3)

STATE OF ILLINOIS)     HARDING V. RILEY, et-al
                  )
LAWRENCE COUNTY   )

### AFFIDAVIT:

I, LEROY HARDING, being first duly sworn upon oath deposes and states as follows:

1. The plaintiff was sentenced and convicted for the alleged crime of Attempted Child Abduction and was sentenced to 18 years of imprisonment in the Illinois Department of Corrections and my sentence was enhanced due to a non-existent criminal sexual background.

2. The defendants knew that the criminal background was subterfuge, but wanted me to suffer and used it against me anyway.

FURTHER THE AFFIANT SAYETH NOT:

*Leroy Harding*
LEROY HARDING #B-61784

Subscribed and Sworn to Before me this
13th Day of November 2007

*Sharon L. McCorkle*
Notary Public

"OFFICIAL SEAL"
Sharon L. McCorkle
Notary Public, State of Illinois
My Commission Exp. 07/14/2009